### DUNWOODY *v.* THE STATE.

1. Under the facts shown, there was no error in refusing to reopen the case, after both sides had closed, in order to allow the accused to make a statement.
2. It was not error to admit evidence that the accused was forced to make a track in the earth, when no evidence was admitted to show the appearance or character of this track, or whether it resembled any other, or how it compared with the tracks found about the place where the crime was committed.
3. The evidence authorized the verdict.

Argued July 22, — Decided August 11, 1903.

Indictment for murder.   Before Judge Littlejohn.   Houston superior court.   June 12, 1903.

*John R. Cooper,* for plaintiff in error.   *John C. Hart, attorney-general,* and *William Brunson, solicitor-general,* contra.

SIMMONS, C. J.   After conviction of murder, Dunwoody made a motion for a new trial.   The court overruled the motion, and the movant excepted.

1. Error was assigned on the refusal of the court, after both sides had closed, to reopen the case to allow the accused to make a statement.  From the motion for new trial and the note of the court thereto, it appears that when the State closed counsel for the accused also announced closed.   The weather was threatening, and the sheriff announced that the witnesses desired to be excused. The judge then, in the presence of the accused and his counsel, excused the witnesses, stating that both sides had closed.   He then directed counsel for the accused to proceed with his argument. Counsel for the accused asked time to get his authorities, and further time to consult with his client; and in this way thirty minutes were consumed.   Counsel for the accused then stated that his client desired to make a statement to the jury.   The solicitor-general objected on the ground that in such statement the accused would claim to have been, at the time of the homicide, at a place other than that at which the crime was committed; that the wit-

nesses summoned for the State to rebut this claim, but not examined, lived some twelve or fourteen miles distant, and had gone home. Counsel for the accused could not say what statement the accused would make. Under direction of the judge, the sheriffs and bailiffs attempted to find these witnesses and bring them into court. The witnesses desired by the solicitor-general had left for their homes and could not be found. The judge then declined to open the case as requested. "The matters touching this question were not in the hearing of the jury." In a criminal case the accused has a legal right to make a statement to the jury, but the law provides the time and manner for the exercise of this right. When the accused announced closed, he thereby waived his right to make a statement, for this right is one which may be waived. After both sides had closed, the question of reopening the case in order for either side to introduce further evidence or for the accused to make a statement was within the sound discretion of the trial judge. That discretion will not be controlled by this court, unless it is manifestly abused. There is certainly nothing in this case to show an abuse of discretion as to this matter. The case could not have been reopened without danger of putting the State at a serious disadvantage, brought about by no fault of the solicitor-general or of the judge, but by the accused having announced closed and having allowed the witnesses to be excused and to leave for their homes. Under such circumstances the judge very properly refused to reopen the case.

2. On the cross-examination of one of the witnesses for the State, the following testimony was adduced: "Q. I want to know who it was that took hold of the [accused] and made him put his foot in the track. A. I know that they took hold of his foot, but I don't know who it was. Q. It was one of your party? A. Yes, sir. Q. And forced his foot in the track? A. No, sir, just held steady. He was perfectly willing to put it in there, but was trembling like that. We did not have him scared. He was under arrest and had been since the night before." Counsel for the accused moved "to rule out this testimony about tracks, because the defendant was forced to furnish evidence against himself, which is contrary to the constitution of the State." This testimony, brought out by counsel for the accused, could not possibly have hurt the accused. It might have been helpful to him had the State sought

to introduce evidence of the similarity of the track thus made to others found about the place of the homicide, and might have shown a good reason for excluding such evidence of similarity.    Indeed the trial judge so regarded it; for he certifies that there was "no evidence of comparison of tracks, similarity of tracks, or fit of a track made under such circumstances; the court was careful to see no such was admitted in evidence."    The statement that no such evidence was admitted is fully supported by the record; for, while the brief of evidence shows that there was proof of tracks and that the tracks were such as would be made by a peculiar shoe worn by the accused, there is no evidence whatever as to the kind of track the defendant was forced to make, that such track resembled any other track, or that his foot fit into any track found by the witnesses.    In other words, the testimony above set out as objected to was no more than a basis for rejecting another class of evidence. This latter kind of evidence was not introduced, and now complaint is made of the admission of the evidence which was brought out by counsel for the accused, and on which he must have relied had the State sought to introduce evidence as to a resemblance or fit of the track involuntarily made.    The complaint is of the refusal to rule out the proof that the accused made the track against his will, and yet it was only by this proof that any evidence as to this track was shown to be inadmissible.    As to this matter the trial judge committed no error.

3.    The evidence was circumstantial, but was amply sufficient to sustain the verdict.    The refusal of the judge to grant a new trial must therefore be affirmed, counsel for the plaintiff in error having abandoned all the assignments of error save those above discussed.        *Judgment affirmed.    By five Justices.*